## GARFIELD *v.* LAPHAM.

1. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE.

Where plaintiff, who was injured by having his hand caught in a corn husking machine, placed his hand dangerously near to the machinery, for the purpose of cleaning out the space before the rollers thereof, knowing that it was dangerous to put his hand there, and having been instructed to use a stick for such purpose, his testimony that a person, who, defendant had informed him, would act as his instructor in working about the machine, repeatedly used his hands in a similar manner for the same purpose, tended to negative the claim of contributory negligence and warranted the court in submitting the point to the jury.

2. SAME—GUARDS—EVIDENCE.

Where the evidence did not clearly disclose that the accident would not have been prevented if the machine had been properly guarded so as to protect the operator, and a proper device might have rendered it unnecessary to perform the work that plaintiff was doing when he was injured, the question whether the lack of a guard caused the injury was properly submitted to the jury.

3. SAME—CHARGE—TRIAL.

The court was not in error in charging the jury that it was for them to determine whether plaintiff kept the space before the rollers clear in the ordinary way, or whether he was unduly negligent.

4. SAME—TRIAL—SAVING QUESTIONS FOR REVIEW.

Upon an objection to a question as leading, counsel are not permitted to review its competency.

Error to Oakland; Smith, J. Submitted October 9, 1912. (Docket No. 12.) Decided December 17, 1912.

Case by Avery C. Garfield, by next friend, against Floyd Lapham for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*William T. Hosner* (*Erskine & Lungerhausen*, of counsel), for appellant.

*Pelton & McGee*, for appellee.

OSTRANDER, J.    Plaintiff, a young man in his twentieth year, was injured December 16, 1910, in operating a corn-husking machine; one of his hands being drawn into revolving rollers.    He alleges, in the first count of his declaration, that the machine at which he worked was not safeguarded as required by Act No. 124, Pub. Acts 1907 (2 How. Stat. [2d Ed.] §§ 4117, 4118), and that he was not instructed and warned concerning the proper method of operating the machine and the dangers attending its operation.    In the second count he alleges only the violation of the statute duty to safeguard the machine.    He recovered in the court below a verdict and judgment against his employer for his damages.    A number of errors are assigned, and the questions presented in the brief are:

(1) Whether the court should have directed a verdict for defendant on the ground that plaintiff was guilty of negligence contributing to his injury.

(2) Whether the fact that the machine was not guarded as required by the statute (Act No. 124, Pub. Acts 1907) was in any sense the cause of the injury.

(3) Whether the court erred in his charge in saying: "It is for you to say whether he kept that space clear in the ordinary way, or whether he was unduly negligent, such as to constitute contributory negligence."

(4) Whether it was error to permit plaintiff to state, in answer to a question, that he was exercising care when clearing away, with his hands, material which had accumulated in front of the rollers.

It does not appear to have been claimed that the machine had the safeguards required by the statute, whatever they are.    In the charge to the jury the court said:

"Of course, it is a question for you as to how this machine was equipped, but if I recall the argument, statements, or admission of one of the counsel for the defendants this morning, it was to the effect that it was conceded that this machine contained snapping rollers,

that they were dangerous rollers, and that this particular machine, spoken of as the Lapham machine, was not equipped with any safety devices. So that if I am correct in quoting counsel, you need not spend but little time on that branch of the case."

It does not appear that any protest was made to this or any correction of the statement asked for. Error is assigned upon that portion of the charge just set out in connection with a statement of the legal effect of the fact stated. Therefore, although it is said in the brief, "we believe the equipment of the machine complied with the statute in question," we find neither exception nor assignment of error which raises the question whether the statute was in fact violated. It was assumed that it had been violated, and its violation constituted the negligence of defendant relied upon by the plaintiff. For this reason we do not discuss certain rulings which permitted testimony to be given to show how other machines are equipped.

1. The machine had two sets of rollers, called, respectively, "snapping rollers" and "husking rollers." The snapping rollers were nearest the operator and performed the function of seizing the cornstalks as they were carried to the machine by the automatic feeder. The machine was operated by steam power. Stalks and *débris* of various sorts collected in front of the snapping rollers, and plaintiff removed or straightened them with his hands. It is admitted that it is hazardous to do this; the danger that the hands will be caught in the rollers being very great. In doing it, plaintiff was caught. Reading the testimony has left much doubt whether, notwithstanding there was a breach of statutory duty imposed for the protection of a class to which the plaintiff belonged, what happened to him should not be charged to his own want of ordinary care. He began to feed the machine in the afternoon of December 14th, worked that afternoon and the next day, and was injured in the forenoon of December 16th. He fed the machine about two-thirds of

the time. The remainder of the time he was cutting bands. While he was cutting bands, another man fed the machine, who was the person designated by defendant to instruct plaintiff. Plaintiff's testimony tends to prove that in the ordinary operation of the machine frozen stalks, ears of corn, and refuse would accumulate on the table, interfering with the operation of the machine. Asked the method employed to clear it away, he answered:

"By means of a stick, if I could get them out that way; but the biggest share of the time by hand; pulling the stalks out of the top to get them away."

There was a space between the end of the carrier and the snapping rollers of about a foot. There was no way to stop the rollers without stopping the machine. In feeding the machine, plaintiff stood from 3 to 3½ feet from the rollers, which were visible and were rapidly revolving. There was a hood over them and some covering below them, leaving an opening to the rollers about four inches wide. Through this space he could see the rollers, and he knew it was dangerous to put his hand in there or anywhere near the rollers. In clearing away the *débris* he leaned forward to reach, with his hand, the space before the rollers. Obviously, it was dangerous for plaintiff, with the machine in operation, to approach his hand to the rollers, and he knew it was dangerous. Upon the whole, the testimony is quite convincing that plaintiff was warned of the danger of getting his hand in the rollers, that sticks were furnished with which to clear the space he was trying to clear with his hand, that he was told to use them, and that he himself had once said that he would not put his hands "in there" if nothing ever went through. However, there was no motion for a new trial, and no question of the weight of the evidence is before us. The testimony which we think warranted submitting the case to the jury is that of plaintiff and of the person whom he says defendant presented as his instructor, to the effect

that the instructor himself used his hands when it was most convenient to clear the space before the rollers. That is to say, plaintiff did what he saw his instructor do, in the first instance, and repeatedly thereafter, as he took plaintiff's place at the machine. Although the court instructed the jury that as the cause was tried it was based upon the second count of the declaration, which alleges no failure of the duty of defendant to instruct the plaintiff, the fact that defendant turned plaintiff over to another for instruction, and that plaintiff did what he saw his instructor do, and in doing it was injured, is evidence tending to negative his own want of ordinary care.

2. We cannot tell whether, if the machine had been properly guarded to prevent injury to operators thereof, the particular injury would have occurred. Clearly, the case is in no respect similar to *Woods* v. *Paper Box Co.*, 167 Mich. 514 (133 N. W. 482), cited by appellant. It is probable that no device which defendant could be reasonably required to provide could *prevent* plaintiff, or any other person, from putting his hand into the rollers and in that way being injured. In the case referred to, there were guards designed to protect an operator using the machine in the customary way. Plaintiff in that case was not using the machine in the customary way, and, her finger being exposed, herself set the machine in motion. In the case at bar, the witnesses agree that in some manner what plaintiff was doing must be done. He did it— the necessary thing to be done—as he had seen his instructor do it. A proper device might have made unnecessary the doing of that which both of them did.

3. What has been said answers the criticism which is made of the charge to the jury.

4. The objection made to the question which was asked was that it was leading. Counsel say that in overruling the objection the court said, "He can give his opinion about it," thereby indicating that the objection was understood to be to the competency of the testimony. We think the conclusion is not warranted. The court

was not advised that counsel regarded the testimony as incompetent, or that the exception which was taken raised the question of its competency.

We are satisfied that no reversible error is made to appear, and that the judgment should be, and it is, affirmed.

MOORE, C. J., and STEERE, McALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.